UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

STATESBORO DIVISION

| | |
|---|---|
| ANTHONY WRIGHT,<br><br>    Petitioner,<br><br>v.<br><br>JOHN TERWILLINGER, Warden,<br><br>    Respondent. | Case No. CV606-82 |

### REPORT AND RECOMMENDATION

Petitioner filed the instant 28 U.S.C. § 2254 petition on August 30, 2006, challenging the revocation of his state probation by the Screven County Superior Court on July 18, 2005. Doc. 1. Respondent has filed a motion to dismiss the petition based on petitioner's failure to exhaust available state remedies. The Court recommends that respondent's motion to dismiss be GRANTED and that the petition be DISMISSED without prejudice for failure to exhaust.

Under 28 U.S.C. § 2254(b)(1)(A), "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State

court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State." See O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999) ("Federal habeas relief is available to state prisoners only after they have exhausted their claims in state court."). A state prisoner is required to allow the state court an opportunity to correct a constitutional error before a federal court may consider the case. Id. at 843. A state prisoner must afford the state courts "one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." Id. at 845

Here, petitioner seeks to challenge his July 18, 2005 probation revocation in Screven County, Georgia. Doc. 1. Petitioner makes no mention of filing any direct appeal but indicates that he has filed an action in the Screven County Superior Court and is awaiting the outcome. Id. Petitioner does not indicate the nature of this action. The respondent affirmatively represents that petitioner has neither filed a discretionary direct appeal nor sought state habeas review. Petitioner therefore has deprived the state courts of a fair opportunity to address his claims before

bringing his petition to this Court. Accordingly, respondent's motion to dismiss the petition should be GRANTED and the instant petition should be DISMISSED without prejudice for failure to exhaust state remedies, so that petitioner may pursue the appropriate remedies in state court.

**SO REPORTED AND RECOMMENDED** this 5th day of January, 2007.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA